IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JORGE AND LETICIA BUSTILLOS §<br>§<br>*Plaintiffs* §<br>§<br>vs. §<br>§<br>ALLSTATE TEXAS LLOYDS §<br>*Defendant* § | <br><br><br><br>CIVIL ACTION NO. 3:16-CV-349-KC<br><br><br> |

**PLAINTIFFS' OPPOSED MOTION TO REMAND AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE OF SAID COURT**:

COME(S) NOW, JORGE AND LETICIA BUSTILLOS, Plaintiff(s) in the above entitled and numbered cause (hereinafter referred to as "Plaintiffs") and file(s) this *Opposed Motion to Remand and Brief in Support* under 28 U.S.C. § 1447 (c); and as grounds thereof would respectfully show unto the Court the following:

I. **PROCEDURAL BACKGROUND**

1. Plaintiffs sued defendant for causes of action including breach of contract, violations of the Texas Insurance Code and DTPA violations in the 384th Judicial District Court, El Paso County, Texas on June 15, 2016, in Cause No. 2016-DCV-2252.

2. Plaintiff's Original Petition filed in the state court lawsuit sought monetary relief aggregating less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees. (ECF Doc. 1-2 at Pg. 2-3 of 43).

3. Defendant was served and answered in the subject state court lawsuit. (ECF Doc. 1-2 at Pg. 39-43).

4. Defendant removed the state court lawsuit to this Court and amended on August 3, 2016. (ECF Doc. 1 and Doc. 3).

---

Plaintiffs' Opposed Motion to Remand and Brief In Support        1
MLF FILE NO. 400432

5. On September 1, 2016, Plaintiffs filed a verified binding and irrevocable stipulation in this court stating that they do not seek and will not accept any award in excess of $74,999.99.

### LOCAL RULE CV-7(i) CONFERENCE

6. Prior to filing this Motion to Remand, the undersigned counsel conferred in good faith with opposing counsel in an attempt to resolve the matter by agreement, without the necessity of court intervention, regarding remand to the state court since the binding stipulation clarified any ambiguity that opposing counsel alleged to exist regarding the amount in controversy and that the proposed stipulation established with legal certainty that the amount in controversy could never reach the minimum diversity jurisdictional amount of this Court. Counsel for Defendant requested permission from his client Allstate to agree to remand and the undersigned was advised by opposing counsel that the client refused to agree to remand of the case.

### II. ARGUMENT AND AUTHORITY

#### A. Standard of Review When Considering Remand to State Court

7. The burden falls on the plaintiffs seeking to defeat diversity jurisdiction to establish to a "legal certainty" that their claims are actually for less than the jurisdictional amount. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995), cert. den. 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119(1995). Plaintiffs can do so either by showing that a state law prohibits recovery in excess of the jurisdictional amount, or by filing a binding stipulation or affidavit with the complaint prior to removal stating that they do not seek and will not accept any award in excess of $75,000, and in this way prove that it is legally certain that

they cannot recover at least the jurisdictional amount. See, e.g., *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995). Such a stipulation will limit the amount in controversy in the case in an unambiguous manner. However, if the plaintiffs do not so stipulate, and the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation to clarify the ambiguity by determining the amount that was in controversy as of the date of removal. *See, Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000); *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993) cert denied, 510 U.S. 1041, 114 S. Ct. 685, 126 Led.2d 653 (1994). When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia,* 233 F.3d at 883.

### B. At the Time of Removal of Plaintiff's State Court Lawsuit, the Amount in Controversy was clear and unambiguous from the Face of the Complaint.

8. Plaintiff's Original Petition and First Set of Discovery Requests filed in the removed state court action is clear on the face of the complaint that Plaintiffs, at the time of removal, sought "only monetary relief aggregating less than $75,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees." (ECF Doc. 1-2, at Page 2 of 43). The statement limiting the amount of recovery and damages the Plaintiffs would accept irrespective of any other consideration was reiterated four (4) times within the complaint at paragraphs 1.1, 1.2, 3.1 and 3.2, under the Statement of Jurisdiction. Such a statement of the Plaintiffs is clear, unambiguous and states without reservation that Plaintiffs will not seek a recovery in excess of $74,999.99. (ECF Doc. 1-2, at Page 2 and 3 of 43). Therefore, on its face, the Plaintiffs' complaint limited the amount of monetary damages that Plaintiffs could have recovered to $74,999.99, and a facial

review of the complaint establishes with legal certainty the maximum limit of recovery for Plaintiffs' claims. Thus remand is proper under the circumstance of this case. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d at 1335.

> ### C. Assuming Arguendo that Plaintiff's State Court Complaint on file at the time of Removal was Ambiguous, Plaintiff's Binding Stipulation Clarifies the Ambiguity, and Remand is proper.

9. In the alternative, in the event this Court should determine that Plaintiffs' state court complaint was unclear or ambiguous in regard to the recovery sought as described within Plaintiff's Original Petition, post-removal affidavits can be used to clarify the amount in controversy. *See Gebbia v. Wal-Mart, Inc.* 233 F.3d at 883. If Plaintiffs prove <u>to a legal certainty</u> that, if successful, Plaintiffs would not be able to recover more than the jurisdictional amount of $75,000.00, the case must be remanded to state court. *See, McPhail v. Deere Co.,* 529 F.3d 947, 955 (10th Cir. 2008). Here, Plaintiffs have filed a verified Stipulation, which irrevocably limits the amount of recovery in the instant case, precluding any possibility of a recovery in excess of the minimum diversity jurisdictional limit of this Court, and in the State Court below, if remand were granted. (ECF Doc. No.7) 5). The Stipulation of Damages clarifies, with legal certainty the fact that at the time the state court proceeding was commenced the Plaintiffs sought recovery of only $74,999.99. *See, Gebbia,* 233 F.3d at 883.

## III. **CONCLUSION**

10. The court should remand this case to state court because the amount in controversy at the time of removal was less than $75,000.00. 28 U.S.C. § 1332(a). (*See,* Plaintiff's Original Petition and Request for Discovery (ECF Doc. No. 1-2, at Paragraphs 1.2 and 3.1). As Plaintiffs have affirmatively pled that the amount in controversy does not

exceed $75,000.00, and by this motion and exhibits unequivocally clarified the statement and averments contained therein, this Honorable Court does not have subject matter jurisdiction based upon diversity, and remand is proper.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Court remand this cause of action to the original court in which this case was filed and for any and all other relief, both at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**THE MOORE LAW FIRM**

By:   /s/ J. Michael Moore
      J. Michael Moore
      State Bar No. 14349550
      Fed. I.D.:
      4900 North 10th Street Ste. E-2
      McAllen, Texas 78504
      Telephone: (956) 631-0745
      Telecopier: (888) 2660971
      Email: Lit-Docket@moore-firm.com

**THE HARBOUR LAW FIRM, P.C.**

By:   /s/ Cori A. Harbour-Valdez
      Cori A. Harbour-Valdez
      State Bar No. 24004685
      Fed. I.D.:
      P.O. Box 13268
      Telephone: (915) 544-7600
      Facsimile:  (915) 975-8036
      Email: cori@harbourlaw.net

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of September 2016, a true and correct copy of the above and foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Sean Carroll White
Kemp Smith, LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Telephone: (915) 533-4424
Fax: (915) 546-5360
Email: swhite@kempsmith.com

Vanessa A. Rosa
Thompson, Coe, Cousins & Irons,
L.L.P.  700 N. Pearl St. - 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8294
Fax: (214) 871-8209
Email: vrosa@thompsoncoe.com

Roger D. Higgins
Thompson, Coe, Cousins & Irons
700 N. Pearl Street -25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Fax: (214) 871-8209
Email: rhiggins@thompsoncoe.com

*/s/ J. Michael Moore*
J. Michael Moore